| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY W. BURY, | | CASE NO. 1:05-CV-00600-OWW-LJO-P |
| | Plaintiff, | ORDER DENYING DEFENDANT RASCOE'S MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST HER, WITHOUT PREJUDICE TO RENEW WITH SUPPORTING EVIDENCE |
| v. | | |
| AMY BRADISH, et al., | | |
| | Defendants. | (Doc. 25) |

Plaintiff Larry W. Bury ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed May 4, 2005, against defendants Bradish and Rascoe for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Default has been entered against both defendants, and defendant Rascoe ("defendant") is now represented by Deputy Attorney General Kevin Reager. Pending before the Court is defendant Rascoe's motion to set aside entry of default. Fed. R. Civ. P. 55(c). Plaintiff filed an opposition on September 7, 2006, and defendant filed a reply on September 19, 2006.

As a threshold matter, the Court deems it necessary to specifically address the order filed on July 3, 2006, particularly in light of Mr. Reager's comments set forth in his motion and reply. The United States Marshal was directed to initiate service of process by order filed March 9, 2006. Defendants Bradish and Rascoe waived service of summons but failed to make appearances in this action. Default was entered against defendant Bradish on June 9, 2006, and against defendant Rascoe on July 3, 2006. Fed. R. Civ. P. 55(a). In the order directing the Clerk of the Court to enter

1  default against defendant Rascoe, the Court directed the Clerk's Office to "(1) send a copy of this
2  order to defendant Karen Rascoe, c/o Deputy Attorney General Kevin W. Reager, 1300 I Street,
3  Suite 125, P.O. Box 944255, Sacramento, California, 94244-2550, and (2) send a copy of document
4  number 16 to defendant Amy Bradish, c/o Deputy Attorney General Kevin W. Reager." (Doc. 19.)

5  Both Mr. Reager and plaintiff have misinterpreted and/or misrepresented the significance of
6  the order. The Court was under no obligation to notify either defendant that default had been entered
7  against her. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986). Because
8  plaintiff supplied Mr. Reager's address on the USM-285 forms for service of process, and because
9  defendants subsequently waived service, the Court, as a courtesy, advanced Mr. Reager copies of the
10 orders.[1] The language set forth in the order makes it abundantly clear that the order was *sent* to Mr.
11 Reager as a *courtesy* and not *served* upon him as attorney of record. That distinction should not have
12 been lost on counsel, and the suggestion by Mr. Reager that the either Court or the United States
13 Marshal believed defendant was being represented by the Attorney General's Office in this action
14 is both baseless and presumptuous.[2]  If this remains unclear to counsel (3:21 of Reagan Dec.),
15 counsel is invited to set a hearing so the Court can make explicate.

16 Plaintiff's assertions concerning this issue are equally groundless, although the Court can
17 understand plaintiff's confusion more so than counsel's. For the sake of clarification, plaintiff is,
18 by this order, placed on notice that Mr. Reager bears no obligation in this action concerning
19 defendant Bradish, and bore no obligation in this action concerning defendant Rascoe until August
20 7, 2006, at which time he was formally requested to represent her. (Doc. 25, Reager Dec., ¶7.) It
21 is immaterial that Mr. Reager represents defendants in another action. Mr. Reager was sent copies
22 of the orders concerning entry of default as a courtesy because plaintiff listed Mr. Reager on the
23 service documents and for no other reason. Due to the confusion that has ensued, in the extremely

---

[1] At the time, the Court was not aware that subsequent to sending the service packet to the Attorney General's Office, the Marshal obtained defendants' addresses via the institution. It is for that reason only that the order was sent as a courtesy to the Attorney General's Office.

[2] The Marshal simply initiated service of process on defendants at the addresses provided by plaintiff on the USM-285 forms, after receipt of the Court's order and the service documents. The Marshal's Office acted on the Court's order and the information set forth by plaintiff in service documents, and not based on the formulation of an opinion that defendants were represented by the Attorney General's Office.

2

unlikely event that such a situation arises again, the parties are assured that the Clerk's Office will not again be directed to send courtesy copies to the Attorney General's Office.

Turning to defendant's motion to set aside entry of default, entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). Once default has been entered against a defendant, the Court may, "[f]or good cause shown . . . set aside an entry of default . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). "'Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)).

Defendant contends that good cause exists to set aside default because she was not served with plaintiff's request for entry of default and was thereby deprived of due process. This assertion is without merit. Defendant was not entitled to notice in advance of entry of default or to notice of entry of default itself. Hawaii Carpenters' Trust Funds, 794 F.2d at 512.

Defendant next contends that she mistakenly believed she was being defended by CDCR in this action. However, defendant has not submitted any admissible evidence in support of this argument. Mr. Reager's attestation in his declaration that he spoke with defendant and is informed and believes that defendant believed CDCR would automatically represent her does not constitute admissible evidence. Fed. R. Evid. 602, 802. (Doc. 25, Reager Dec., ¶8.) Accordingly, the Court cannot reach the merits of this argument.

The law favors setting aside entry of default. However, the moving party must meet his or her burden, and defendant has not done so given that her first argument is without merit and her second argument is unsupported by admissible evidence. The Court must therefore deny defendant's

1 motion. The denial is without prejudice to renewal of the motion, with supporting evidence (e.g.,
2 defendant's declaration).
3     For the foregoing reasons, defendant Rascoe's motion to set aside entry of default is
4 HEREBY DENIED, without prejudice to renew, with supporting evidence.

6 IT IS SO ORDERED.

7 **Dated:    September 27, 2006**                    **/s/ Lawrence J. O'Neill**
  b9ed48                                              UNITED STATES MAGISTRATE JUDGE