# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. BURY,<br><br>                Plaintiff,<br><br>    v.<br><br>AMY BRADISH, et al.,<br><br>                Defendants. | CASE NO. 1:05-CV-00600-OWW-LJO-P<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE DEFENDANT RASCOE'S COUNSEL WITH DOCUMENTS 22 AND 23<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE DEFENDANT BRADISH WITH DOCUMENT 15 |

Plaintiff Larry W. Bury ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed May 4, 2005, against defendants Bradish and Rascoe for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Defendants Bradish and Rascoe waived service of summons but failed to make appearances in this action. Default was entered against defendant Bradish on June 9, 2006, and against defendant Rascoe on July 3, 2006. Fed. R. Civ. P. 55(a). (Doc. 19.) Pending before the Court are plaintiff's motions for entry of default judgment, filed against defendant Bradish on June 8, 2006, and against defendant Rascoe on August 4, 2006.

Unlike entry of default, entry of judgment requires notice to defendants. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986). As set forth in detail in the order denying defendant Rascoe's motion to set aside entry of default, issued concurrently with this order, defendant Bradish is not represented by the Attorney General's Office and defendant Rascoe was not

represented by the Attorney General's Office until August 7, 2006.  Therefore, service of plaintiff's motions on defendants in the care of the Attorney General's Office was not effective.  The Clerk's Office will be directed to serve the motions on the appropriate parties to cure this deficiency.[1] Defendants' oppositions to plaintiff's motions, and plaintiff's replies if any, are due in accordance with Local Rule 78-230(m).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall serve defendant Rascoe's counsel with a copy of plaintiff's August 4 motion seeking entry of judgment against her (documents 22 and 23);[2] and

2. The Clerk's Office shall serve defendant Bradish with a copy of plaintiff's June 8 motion seeking entry of judgment against her (document 15).

IT IS SO ORDERED.

**Dated:   September 27, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will provide defendant Bradish's address to the Clerk's Office.  At this juncture, the address shall be kept confidential and the Court will ensure that when plaintiff's filings are required to be served on defendant Bradish, they will be served via the Clerk's Office.

[2] Defendant Rascoe was not represented by counsel at the time the motion was filed.