# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. BURY,<br><br>           Plaintiff,<br><br>   v.<br><br>AMY BRADISH, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:05-CV-00600-OWW-LJO-P<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR PROCEDURAL DEFICIENCIES<br><br>(Doc. 22) |

Plaintiff Larry W. Bury ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed May 4, 2005, against defendants Bradish and Rascoe for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Defendants Bradish and Rascoe waived service of summons but failed to make appearances in this action. Default was entered against defendant Bradish on June 9, 2006, and against defendant Rascoe on July 3, 2006. Fed. R. Civ. P. 55(a). (Doc. 19.) On August 4, 2006, plaintiff filed a motion seeking judgment on the pleadings or summary adjudication on his claim against defendant Rascoe.[1]  Fed. R. Civ. P. 12(c), 56.

Other than setting forth defendant Rascoe's failure to respond, plaintiff's motion for relief consists of one sentence requesting summary adjudication on the merits. As such, plaintiff's motion

---

[1] Plaintiff's citation to Federal Rule of Civil Procedure 12(b)(6) is disregarded. A 12(b)(6) motion seeks dismissal for failure to state a claim upon which relief may be granted. Such a motion filed by plaintiff in this action is misplaced.

1

1  falls well short of applicable procedural requirements under motion practice. Fed. R. Civ. P. 7(b)(1);
2  Local Rule 78-230(b), (m); Local Rule 56-260(a).
3       Therefore, plaintiff's motion is HEREBY STRICKEN on the ground that it is procedurally
4  deficient.

6  IT IS SO ORDERED.

7  **Dated:**   **September 27, 2006**                    **/s/ Lawrence J. O'Neill**
   b9ed48                                      UNITED STATES MAGISTRATE JUDGE