# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. BURY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMY BRADISH, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:05-CV-00600-OWW-LJO-P<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITION, NUNC PRO TUNC TO OCTOBER 6, 2006<br><br>(Doc. 35)<br><br>ORDER GRANTING DEFENDANT RASCOE'S MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST HER, AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>(Docs. 23 and 31)<br><br>ORDER REQUIRING DEFENDANT RASCOE TO FILE RESPONSE TO COMPLAINT WITHIN THIRTY DAYS |

　　　　Plaintiff Larry W. Bury ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed May 4, 2005, against defendants Bradish and Rascoe for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Default has been entered against both defendants, and defendant Rascoe ("defendant") is now represented by counsel. Pending before the Court is defendant Rascoe's motion to set aside entry of default, filed October 6, 2006. Fed. R. Civ. P. 55(c). Plaintiff filed a motion seeking an extension of time to file an opposition on October 25, 2006, and an opposition on November 6, 2006.

Defendant filed a reply on November 13, 2006. Plaintiff's motion for an extension of time to file his opposition shall be granted, nunc pro tunc to November 6, 2006.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). Once default has been entered against a defendant, the Court may, "[f]or good cause shown . . . set aside an entry of default . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). "'Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)).

Default was entered against defendant on July 3, 2006. Defendant moves to set aside the entry of default on the grounds that her request is timely and she has a meritorious defense. Defendant attests that she did not become aware of the entry of default until mid-July, and she believed until that time that she was being defended in this action by the California Department of Corrections and Rehabilitation. (Doc. 31-2, Rascoe Dec., ¶4.) Defendant attests that after learning default had been entered, she immediately contacted Deputy Attorney General Kevin Reager and the institution to request representation. (Id.)

With respect to her defense, defendant attests that she was not at work on February 15, 2002, the date plaintiff alleges she failed to give him his medication. (Id., ¶5.) In addition, defendant disputes plaintiff's allegation that she was fired, convicted, or disciplined for misappropriating his medication, and attests that she pled no contest to receiving or concealing stolen property, a misdemeanor, which did not have anything to do with plaintiff or his medication. (Id., ¶6.) Defendant attests that the allegations made against her involving plaintiff were that she dispensed
///

medication to him the day after his prescription expired on two occasions, and that she was not accused of misappropriating them. (Id., ¶7.)

Plaintiff opposes the motion on the grounds that defendant failed to timely move for relief and does not have a potentially meritorious defense.

First, defendant submits evidence that she learned of the entry of default in mid-July. Defendant first moved to set aside entry of default on August 9, 2006, approximately one month after default was entered and less than one month after she learned of the entry of default. Defendant's first motion was denied without prejudice to renewal, and defendant filed the current motion within the constraints set by the Court's order. For those reasons, the Court finds plaintiff's argument that defendant's motion to set aside entry of default is not timely to be unsupported and without merit.

Turning to the meritoriousness of defendant's defense, the Court notes defendant's objections to plaintiff's evidence. Plaintiff's last exhibit pertains to an accusation against defendant Bradish, and is both incomplete and irrelevant to this proceeding. (Doc. 36, pgs. 25-28.) It is therefore inadmissible. With respect to the other exhibits, the Court may take judicial notice of documents filed with administrative agencies, and "[j]udicial notice is properly taken of orders and decisions made by other courts or administrative agencies." Papai v. Harbor Tug And Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995) (reversed on other grounds by Harbor Tug and Barge Co. v. Papai, 520 U.S. 548 (1997)). However, the Court may not take judicial notice of "the truth of the facts recited therein . . . ." Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

The First Amended Accusation before the Board of Vocational Nursing and Psychiatric Technicians, Department of Consumer Affairs, is just that, an accusation. As such, to the extent the Court may properly take judicial notice of its existence, it evidences only that defendant was accused at one point in time of various misconduct. The document is not evidence of any agency finding against defendant Rascoe.

That leaves the criminal proceedings. Setting aside the issue of authenticity and assuming the admissibility of the documents, the existence of evidence that defendant pled no contest to possession of stolen property, in violation of California Penal Code section 496(a), does not preclude

defendant from having a meritorious defense in this action.[1] (Doc. 1, Comp., Exhibit G.) Plaintiff alleges in his complaint that defendants Rascoe and Bradish misappropriated his medication between January 1, 2002, and December 30, 2002. (Comp., pg. 3.) Defendant's argument that she was not at work on February 15, 2002, does not address the entire time frame during which the unconstitutional conduct allegedly occurred. However, the claim against defendant in this action is that she violated the Eighth Amendment by acting with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). The exhibit does not show that the charge defendant pled no contest to involved acts against plaintiff and that those acts are the same acts providing the bases for the claim in this action. Further, even if defendant had pled no contest to a charge that involved acts against plaintiff and those acts provide the bases for the claim in this action, that plea does not prove plaintiff's claim of deliberate indifference and preclude defendant from presently a meritorious defense to the claim.

Finally, plaintiff has not demonstrated that he will suffer any actual prejudice from setting aside the default, and the Court can envision none. Plaintiff is proceeding pro se and actual prejudice does not result from simple delay. TCI Group Life. Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001). Rather, actual prejudice requires a showing that "[plaintiff's] ability to pursue his claim will be hindered.'" Id. (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). No such showing has been made.

Any doubt should be resolved in defendant's favor, Mendoza, 783 F.2d at 945-46, and, for the reasons set forth herein, the court finds good cause for setting aside entry of default. As a result, plaintiff's motion for default judgment against defendant, filed August 4, 2006, shall be denied. Accordingly, it is HEREBY ORDERED that:

///

---

[1] A complete copy of the printout showing defendant's plea is attached to the complaint. It was cited to by defendant in her motion and is cited to in this order because the copy submitted with plaintiff's opposition is not complete.

1. Plaintiff's motion for an extension of time to file his opposition, filed October 25, 2006, is GRANTED, nunc pro tunc to November 6, 2006;

2. Defendant Rascoe's motion to set aside entry of default, filed October 6, 2006, is GRANTED and the default is HEREBY SET ASIDE;

3. Plaintiff's motion for default judgment against defendant Rascoe, filed August 4, 2006, is DENIED; and

4. Defendant Rascoe shall file a response to plaintiff's complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:    November 16, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                                          UNITED STATES MAGISTRATE JUDGE