# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. BURY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMY BRADISH, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00600-OWW-LJO-P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BRADISH IN THE AMOUNT OF $1,700,000.00, WITHOUT PREJUDICE<br><br>(Doc. 15)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF ORDER ON DEFENDANT BRADISH AT ADDRESS TO BE KEPT CONFIDENTIAL |

Plaintiff Larry W. Bury ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed May 4, 2005, against defendants Bradish and Rascoe for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Defendants Bradish and Rascoe waived service of summons but failed to make appearances in this action. Default was entered against defendant Bradish on June 9, 2006, and against defendant Rascoe on July 3, 2006. Fed. R. Civ. P. 55(a). Pending before the Court is plaintiff's motion for default judgment against defendant Bradish in the amount of $1,700,000.00,
///

1

filed June 8, 2006.[1] Defendant Bradish was served with the motion by the Court on September 28, 2006, and has not filed a response.  Local Rule 78-230(m).

The Court has reviewed plaintiff's motion and it provides no basis for the judgment sought by plaintiff.  Entry of default against a defendant does not translate into entitlement to the judgment sought by a plaintiff.  Plaintiff's motion is not accompanied by any evidence pertaining to the $1,700,000.00 plaintiff is seeking.

Further, both defendants are similarly situated in this action in that they both stand accused by plaintiff of misappropriating his medication from January 1, 2002 through December 30, 2002.  As such, it would be inappropriate to enter default judgment against defendant Bradish at this juncture while the action is still proceeding against defendant Rascoe.  See In re First T. D.& Invest., Inc., 253 F.3d 520, 532 (9th Cir. 2001).  Plaintiff may renew his motion when these proceedings have been resolved with respect to his claim against defendant Rascoe.

Accordingly, plaintiff's motion for default judgment against defendant Bradish, filed June 8, 2006, is HEREBY DENIED, without prejudice.  The Clerk's Office SHALL serve a copy of this order on defendant Bradish at the address provided separately by the Court and to be kept confidential.

IT IS SO ORDERED.

**Dated:   November 16, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] In a separate order, the Court granted defendant Rascoe's motion to set aside entry of default and denied plaintiff's motion for default judgment.