# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. BURY, | CASE NO. 1:05-CV-00600-LJO-GSA PC |
| Plaintiff, | ORDER ADDRESSING AMENDED COMPLAINT LODGED ON NOVEMBER 26, 2007 |
| v. | |
| AMY BRADISH, et al., | (Doc. 47) |
| Defendants. | |

Plaintiff Larry W. Bury ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed May 4, 2005, against Defendants Bradish and Rascoe for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. On November 26, 2007, after Defendant Rascoe filed a motion for summary judgment, Plaintiff submitted an amended complaint, which was lodged but not filed.

It appears that the lodged amended complaint was lost or discarded through some administrative error because the Court does not have the original in its possession. However, a copy of that proposed amended complaint is attached as Exhibit A to Plaintiff's opposition to Defendant's motion for summary judgment. (Doc. 50.)

Pursuant to the Court's scheduling order, the deadline for amending the pleadings was June 29, 2007, and any extension of a deadline set in the scheduling order must be filed prior to that deadline. (Doc. 43.) Assuming a timely request for an extension is filed, modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). "The schedule may be

1

1  modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"
2  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson
3  v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). "If the party seeking the
4  modification 'was not diligent, the inquiry should end' and the motion to modify should not be
5  granted." Id.

6      In this instance, Plaintiff did not at any time file a request for an extension of the amended
7  pleadings deadline, and did not file any document setting forth good cause to modify the scheduling
8  order and allow him to file an amended complaint.  Indeed, Plaintiff's motion for an extension of
9  time to file his opposition to the summary judgment motion demonstrates that the amended
10 complaint was submitted in an effort to cure the deficiencies in his claim as raised by Defendant in
11 her motion. (Doc. 48, pg. 2.)  A desire to defeat the opposing party's arguments at summary
12 judgment through amendment of the pleadings does not support modification of a scheduling order.

13     Because the deadline passed approximately five months before Plaintiff attempted to file an
14 amended complaint and because Plaintiff made no showing of good cause to modify the scheduling
15 order, timely or otherwise, Plaintiff's attempt to file an amended complaint is rejected.  By this order,
16 Plaintiff's first amended complaint, lodged on November 26, 2007, is HEREBY DEEMED
17 ADDRESSED.

20     IT IS SO ORDERED.
21     **Dated:   May 20, 2008**          /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE