# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. BURY, | CASE NO. 1:05-cv-00600-LJO-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT RASCOE'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| AMY BRADISH, et al., | (Doc. 46) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

**Findings and Recommendations on Defendant Rascoe's Motion for Summary Judgment**

**I.    Procedural History**

Plaintiff Larry W. Bury ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed May 4, 2005, against Defendants Bradish and Rascoe for acting with deliberate indifferent to his serious medical needs, in violation of the Eighth Amendment.[1]  On October 29, 2007, Defendant Rascoe ("Defendant") filed a motion for summary judgment.[2]  (Doc. 46.)  After obtaining an extension of time, Plaintiff filed an opposition on February 22, 2008, and

---

[1] Pursuant to her motion for summary judgment, Karen Rascoe is now known as Karen Chambers.  For consistency in the record, however, the Court will continue to refer to her as Karen Rascoe.

[2] Defendant Bradish waived service of summons but did not make an appearance in this action, and default was entered against her on June 9, 2006.  (Docs. 13, 16.)

Defendant filed evidentiary objections on March 12, 2008.[3] (Docs. 50, 51.) Plaintiff filed a response to Defendant's evidentiary objections on April 3, 2008. (Doc. 52.)

**II.   Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e.,

---

[3] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the Court in an order filed on March 9, 2006. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 11.)

2

a fact that might affect the outcome of the suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

A verified complaint in a pro se civil rights action may constitute an opposing affidavit for purposes of the summary judgment rule, where the complaint is based on an inmate's personal knowledge of admissible evidence, and not merely on the inmate's belief. <u>McElyea v. Babbitt</u>, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); <u>Lew v. Kona Hosp.</u>, 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. P. 56(e). Plaintiff's complaint is verified and will be considered by the Court in resolving Defendant's motion to the extent that it sets forth admissible facts. However, the complaint is accompanied by one-hundred twenty-pages of exhibits which are not incorporated by reference or cited to with any specificity. The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record they wish the Court to consider. <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact. <u>Id</u>.

**III.    <u>Undisputed Facts</u>**

1.    At all relevant times, Plaintiff was an inmate duly incarcerated within the California Department of Corrections and Rehabilitation and was housed at the California Substance Abuse Treatment Facility ("SATF").

2.    At all relevant times, Defendant was a nurse assigned to the pharmacy at SATF.

3.    Defendant's job duties were limited to dispensing medications to inmates that were prescribed by their treating physicians.

4.    Defendant had no control over the physicians, the timeliness of their prescriptions, or how long it would take for medications to arrive at SATF and be available for distribution.

///

///

5.    At no time did Defendant ever deny Plaintiff access to medical care.  Defendant had no involvement in scheduling medical appointments or determining who would or would not be permitted to see a doctor.

6.    Plaintiff's doctors did not prescribe Talwin for him as they did not believe it was medically reasonable or necessary.

7.    It was not Defendant's job to second guess the opinions or recommendations of Plaintiff's treating physicians.  She had no authority to diagnose medical conditions or to write prescriptions.  Defendant had no knowledge that Plaintiff sought Talwin nor was she ever instructed by a doctor to dispense that medication to Plaintiff.

8.    Plaintiff was prescribed Darvocet and Motrin by his doctors and those medications were dispensed to him.

9.    Defendant risked her own job and license by providing those medications to Plaintiff even after his prescriptions had expired.

10.    Defendant had no control over what medications were available at SATF or how long it might take for medications to be available for dispensing.

**IV.    Eighth Amendment Claim for Denial of Pain Medication**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

4

1   it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin

2   at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical

3   treatment, the delay must have led to further harm in order for the prisoner to make a claim of

4   deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd.

5   of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

6          In his complaint, Plaintiff alleges that he had shoulder surgery and the theft of his pain

7   medication by Defendant between January 1, 2002 and December 30, 2002 left him in severe pain.

8   (Doc. 1, Comp., §§ IV-V.)  Although Plaintiff also alleges that Defendant was fired and criminally

9   charged, and that his medical records were found at Defendant's resident and were falsified, it is the

10  theft of his pain medication, which left him without the prescribed treatment for his shoulder pain,

11  that gives rise to the federal claim in this action.

12         In response to Plaintiff's claim that she acted with deliberate indifference to his medical

13  needs by stealing his pain medication from him, Defendant denies ever knowingly or intentionally

14  disregarding any risk of injury to Plaintiff, ever taking or falsifying any of Plaintiff's medical records

15  or orders, ever denying Plaintiff access to medical care, and ever refusing or failing to distribute

16  medication to Plaintiff when such medications were available.  (Doc. 46-3, Rascoe Dec., ¶¶4, 6, 7,

17  10.)

18         Defendant was a nurse assigned to the pharmacy at SATF, and her job duties were limited

19  to dispensing medications to inmates that were prescribed by their treating physicians.  (Undisputed

20  Facts 2, 3.)  Defendant had no control over the physicians, the timeliness of their prescriptions or

21  how long it would take for medications to arrive at SATF and be available for distribution, and had

22  no involvement in scheduling medical appointments or determining who would or would not be

23  permitted to see a doctor.  (U.F. 4, 5.)  Further, Defendant had no control over what medications

24  were available at SATF or how long it might take for medications to be available for dispensing.

25  (U.F. 10.)

26         Plaintiff's doctors did not prescribe Talwin for him, and it was not Defendant's job to second

27  guess the opinions or recommendations of Plaintiff's treating physicians, as she had no authority to

28

diagnose medical conditions or to write prescriptions.[4] (U.F. 6, 7.) Defendant had no knowledge that Plaintiff sought Talwin nor was she ever instructed by a doctor to dispense that medication to Plaintiff. (U.F. 7.)  Plaintiff was prescribed Darvocet and Motrin by his doctors and those medications were dispensed to him. (U.F. 8.)

The Court finds that Defendant have met her initial burden of informing the Court of the basis for her motion, and identifying those portions of the record which she believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

Taking an inmate's pain medication and leaving him to needlessly suffer pain may support the finding of an Eighth Amendment violation. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). At this stage in the proceedings, Plaintiff may not rely on the vague allegations in his complaint or on general assertions of wrongdoing by Defendant as raised in criminal proceedings or licensing board proceedings. Plaintiff must come forth with specific

---

[4] Plaintiff does not allege in his complaint that Defendant deprived him of Talwin. (Doc. 1, Comp., §§ IV, V.) However, Defendant addresses this medication because Plaintiff referenced it in his inmate appeal. (Comp., Ex. A, pg. 5.) In the appeal, Plaintiff complained that Talwin had been prescribed for him but was cancelled by the Chief Medical Officer. (Id., pg. 8.)

1  evidence that Defendant deprived him of his pain medication and that as a result, he suffered harm.

2  Clement, 298 F.3d at 904.

3        Plaintiff relies on his proposed amended complaint, an amended criminal complaint filed in

4  Kings County Superior Court, the docket sheet in criminal proceedings against Defendant in Kings

5  County Superior Court, and an accusation against Defendant by the Board of Vocational Nursing and

6  Psychiatric Technicians, Department of Consumer Affairs.  (Doc. 50, Opp., Exs. A-D.)  Plaintiff

7  describes the documents pertaining to the criminal proceedings and the accusation as his smoking

8  gun and it is these documents which Plaintiff relies upon to raise a triable issue of fact.

9        Defendant objects to the exhibits as inadmissible.  The proposed amended complaint is not

10  verified, as Defendant points out, and absent verification, it may not be treated as an affidavit.

11  Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).  Regardless, it is not currently and has not at

12  any time been an operative pleading in this case.[5]  Therefore, verification issue aside, it has no

13  evidentiary value and is not considered.

14        The Court need not address Defendant's objections to the other exhibits with specificity

15  because even if the Court considers them, they do not constitute evidence that Plaintiff was left to

16  needlessly suffer pain through the theft of his prescription medications by Defendant.  As Defendant

17  points out in her objection, the criminal proceedings contain no specific information relevant to

18  Plaintiff's claim against Defendant and the Board's accusation alleged that Defendant furnished

19  medication to Plaintiff without a prescription, provided medication to Plaintiff based on an expired

20  prescription, and documented the administration of medication to Plaintiff but failed to chart the

21  administration in Plaintiff's Medication Administration Record.

22        Plaintiff has not submitted any evidence which supports his claim that Defendant "[knew]

23  of and disregard[ed] an excessive risk to [Plaintiff's] health . . ." Farmer, 511 U.S. at 837, by failing

24  to provide him with pain medication prescribed by his doctors.  Plaintiff may not rely upon the

25  conclusory allegation in his complaint that Defendant stole his pain medication leaving him in pain,

26  and the documents submitted by Plaintiff with his opposition do not support his claim.  That

27

28        [5] Plaintiff's attempt to file the amended complaint on November 26, 2007, was addressed by the Court in a separated order.

7

Defendant was charged with crimes or was accused of misconduct by the licensing board is not sufficient. The documents referred to do not contain any information regarding the theft of Plaintiff's pain medication or that Plaintiff suffered needless pain due to the theft of his pain medication. Defendant is entitled to judgment on Plaintiff's claim against her.

**V.    Conclusion and Recommendation**

Plaintiff has not submitted any evidence raising a triable issue of fact on his claim that Defendant acted with deliberate indifference to his serious medical needs by causing him to suffer needless pain through the deprivation of his prescription pain medication. Therefore, Defendant is entitled to judgment as a matter of law on the claim against her. It is HEREBY RECOMMENDED that Defendant Rascoe's motion for summary judgment, filed October 29, 2007, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2008**             _____**/s/ Gary S. Austin**_____
                                      UNITED STATES MAGISTRATE JUDGE

8