# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. BURY,<br><br>    Plaintiff,<br><br>    v.<br><br>AMY BRADISH, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-00600-LJO-GSA PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND GRANTING DEFENDANT RASCOE'S MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 46, 54, and 57)<br><br>ORDER REFERRING MATTER BACK TO MAGISTRATE JUDGE |

Plaintiff Larry W. Bury ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 21, 2008, the Magistrate Judge filed a Findings and Recommendations recommending that Defendant Rascoe's motion for summary judgement be granted, and an Order addressing Plaintiff's lodged first amended complaint. The parties were granted thirty days within which to file objections to the Findings and Recommendations. On July 21, 2008, Plaintiff an Objection to the Order, which the Court shall treat as a motion for reconsideration. Local Rule 78-230(k). After obtaining an extension of time, Plaintiff filed an Objection to the Findings and Recommendations on August 6, 2008.

///

///

1

The Magistrate Judge's Order from which Plaintiff seeks relief stated:

> On November 26, 2007, after Defendant Rascoe filed a motion for summary judgment, Plaintiff submitted an amended complaint, which was lodged but not filed.
>
> It appears that the lodged amended complaint was lost or discarded through some administrative error because the Court does not have the original in its possession. However, a copy of that proposed amended complaint is attached as Exhibit A to Plaintiff's opposition to Defendant's motion for summary judgment. (Doc. 50.)
>
> Pursuant to the Court's scheduling order, the deadline for amending the pleadings was June 29, 2007, and any extension of a deadline set in the scheduling order must be filed prior to that deadline. (Doc. 43.) Assuming a timely request for an extension is filed, modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.
>
> In this instance, Plaintiff did not at any time file a request for an extension of the amended pleadings deadline, and did not file any document setting forth good cause to modify the scheduling order and allow him to file an amended complaint. Indeed, Plaintiff's motion for an extension of time to file his opposition to the summary judgment motion demonstrates that the amended complaint was submitted in an effort to cure the deficiencies in his claim as raised by Defendant in her motion. (Doc. 48, pg. 2.) A desire to defeat the opposing party's arguments at summary judgment through amendment of the pleadings does not support modification of a scheduling order.
>
> Because the deadline passed approximately five months before Plaintiff attempted to file an amended complaint and because Plaintiff made no showing of good cause to modify the scheduling order, timely or otherwise, Plaintiff's attempt to file an amended complaint is rejected. By this order, Plaintiff's first amended complaint, lodged on November 26, 2007, is HEREBY DEEMED ADDRESSED.

(Doc. 53.)

Plaintiff submits to the Court as Exhibit A to his motion for reconsideration an "Application for Relief from Default to Amend Complaint by Plaintiff." Plaintiff contends that it appears his application was also lost or misplaced, and that justice requires he be permitted to amend. In the application, Plaintiff references an order filed on November 16, 2006, in which the undersigned denied his motion for default judgment. The denial of Plaintiff's motion for default judgment is irrelevant to this issue of Plaintiff's motion to amend.

Plaintiff also states that on or around July 10, 2007, he met a new inmate paralegal who informed him that the issue of misappropriation of Plaintiff's medications did not state a claim.

1  Plaintiff asserts that he filed an incomplete complaint based on poor advice from a previous jailhouse
2  lawyer.
3      This Court already found that Plaintiff's complaint stated a claim. Regardless, the deadline
4  for amending the pleadings was June 29, 2007. Plaintiff did not file a timely motion seeking an
5  extension of the deadline, and Plaintiff's application sets forth no grounds either excusing the failure
6  to file a timely motion or making a showing of due diligence. Fed. R. Civ. P. 16(b); <u>Zivkovic v.</u>
7  <u>Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). Accordingly, Plaintiff's
8  motion for reconsideration is denied, and the scheduling will not be modified to allow Plaintiff to
9  amend.
10     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
11  <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings
12  and Recommendations to be supported by the record and by proper analysis.
13     Accordingly, IT IS HEREBY ORDERED that:
14     1.  Plaintiff's motion for reconsideration of the Magistrate Judge's order addressing
15         Plaintiff's lodged first amended complaint, filed July 21, 2008, is DENIED, with
16         prejudice;
17     2.  The Findings and Recommendations, filed May 21, 2008, is adopted in full;
18     3.  Defendant Rascoe's motion for summary judgment, filed October 29, 2007, is
19         GRANTED; and
20     4.  This matter is referred back to the Magistrate Judge for further proceedings.[1]

IT IS SO ORDERED.

**Dated:   September 9, 2008**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

---

[1] Default was entered against Defendant Bradish and Plaintiff filed his second motion for the entry of default judgment on July 16, 2008.