# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. BURY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMY BRADISH, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00600-LJO-GSA PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT BRADISH, AND STRIKING LETTER<br><br>(Docs. 58 and 61)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT FOR DEFENDANT RASCOE IN ACCORDANCE WITH COURT'S ORDER GRANTING RASCOE SUMMARY JUDGMENT, AND TO CLOSE THIS ACTION<br><br>(Doc. 60) |

　　　　Plaintiff Larry W. Bury ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of February 22, 2006, this action was proceeding against Defendants Bradish and Rascoe for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment of the United States Constitution. Defendant Bradish waived service but did not file a response to the complaint and default was entered against her on June 9, 2006.[1] More than two and a half years have passed, and Defendant Bradish has not sought to set aside the entry of default or otherwise indicated an intent to defend herself in this action. Now pending before the Court is

///

---

[1] Defendant Rascoe was granted summary judgment on September 10, 2008.

1

Plaintiff's second motion for entry of default judgment against Defendant Bradish, filed July 16, 2008, and a letter filed by Plaintiff on December 22, 2008.

The events at issue in this action occurred at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California, where Plaintiff is incarcerated. In his complaint, Plaintiff alleges that he had shoulder surgery and Defendant Bradish, who was a registered nurse at the prison, stole his pain medication, leaving him in severe pain. (Doc. 1, § IV.) Plaintiff seeks $2,000,000.00 in damages. (Id., § V.) In his motion, Plaintiff requests entry of default judgment. (Doc. 58.)

Plaintiff's motion is simply a bare request for entry of default judgment, and is not accompanied by a request for entry of a specific amount or supported by any evidence demonstrating Plaintiff's entitlement to money damages in any amount. "'[U[pon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)). Thus, while Defendant Bradish's liability has been established by entry of default, the extent of Plaintiff's damages has not.

On November 16, 2006, the Court denied Plaintiff's first motion for entry of default judgment against Defendant Bradish in the amount of $1,700,000.00. The motion was denied in part because Plaintiff did not submit any evidence with his motion supporting the damages sought. Plaintiff's second motion suffers from the same deficiency and shall therefore be denied, with prejudice.

The letter sent by Plaintiff is directed to the Clerk's Office and requests a ruling on his pending motion for entry of default judgment. It is unclear why a letter to the Clerk's Office was filed. Such communications are not appropriate. The Court does not provide parties with status reports on their pending motions and motions are ruled upon in due course. The letter shall be stricken from the record.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second motion seeking entry of default judgment against Defendant Bradish, filed July 16, 2008, is DENIED, with prejudice;

2. Plaintiff's letter, filed December 22, 2008, is STRICKEN;

3. The Clerk of the Court shall enter judgment for Defendant Rascoe and against Plaintiff in accordance with the Court's order of September 10, 2008, granting Defendant Rascoe's motion for summary judgment; and

4. The Clerk of the Court shall close this file.

IT IS SO ORDERED.

**Dated:**   **February 18, 2009**            /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE